UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ROBERT WALTER                                                CIVIL ACTION NO. 12-cv-1742

VERSUS                                                              JUDGE FOOTE

MARTIN SPECIALTY CO., LLC                        MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Robert Walter filed this civil action against his former employer, Martin Specialty Coating, LLC.  Plaintiff alleged in his complaint that he worked for Martin between April and June 2010 but was terminated as a result of his complaints to management about fellow employees using vulgar and demeaning comments toward women in the workplace.  He also alleged that black employees, including himself, were treated more harshly than white employees.

Martin filed an answer, and the court held a scheduling conference.  Counsel for Plaintiff reported at the conference that she had no recent contact with Plaintiff.  Counsel for Martin reported that he had information to suggest Plaintiff was being held in the Bossier Parish jail.  The matter was continued to allow counsel to investigate.  Plaintiff's counsel later reported that she met with Plaintiff; he was incarcerated but did not wish to voluntarily dismiss his case.

Counsel then filed a motion to stay this civil action because of Plaintiff's inability to fully participate in civil discovery while simultaneously defending criminal charges.

Although it is not stated clearly in the record, the attorneys informed the court during conferences that the criminal prosecution Plaintiff faces is for a murder he is accused of committing in the workplace of a job he took after he was fired by Martin. Martin argues that its reasons for firing Plaintiff and the events at his next workplace are sufficiently similar that the murder would be a topic for discovery.

The court granted the motion to stay in May 2013, with the exception that the parties could serve subpoenas on third parties to preserve relevant documents. The order stated that the stay expires on November 22, 2013, without further action by the court or the parties. It directed: "Plaintiff shall file a notice with the court, no later than November 8, 2013, advising the court whether he wishes to pursue this litigation further, extend the stay, or dismiss the case." The order warned: "Failure to comply by that deadline may result in the case being dismissed without further notice for failure to prosecute."

News reports indicate that Plaintiff was convicted a few months ago of second degree murder of a female apartment manager. He shot and killed the 32-year-old wife and mother of two soon after he was fired from his maintenance worker job. In his testimony, he did not deny shooting the victim but explained he had been devastated over being fired.

More than three weeks have passed since Plaintiff's November 8 deadline. Nothing has been filed in the record by any party since the order in May 2013 that issued the stay and set the November 8 deadline. It may be that with the passage of time Plaintiff has become less interested in this civil action and more focused on his criminal defense and appeals.

Plaintiff has not demonstrated adequate interest in this case for the court to attempt to move forward with a resolution of its merits. If Plaintiff is unwilling to take the minimal effort to file a notice that he wishes to continue pursuing the case, then it is unlikely he would meet the significant demands of litigation that he would face if the case went forward.

Accordingly,

**IT IS RECOMMENDED** that this civil action be **dismissed without prejudice** for failure to prosecute.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 3rd day of December, 2013.

                                          Mark L. Hornsby
                                          U.S. Magistrate Judge